**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22CV-P412-JHM**

**ERIC DUNLAP**                                                                    **PLAINTIFF**

**v.**

**LOUISVILLE METRO DETENTION
CENTER** *et al.*                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Eric Dunlap filed the instant *pro se* prisoner 42 U.S.C. § 1983 action arising out of his incarceration at Louisville Metro Department of Corrections (LMDC). Upon an initial review of the amended complaint (DN 20) pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claim for failure to protect in violation of the Fourteenth Amendment to proceed against Defendant "Unknown Guard #2" in his individual and official capacities and his claim of assault and battery to proceed against Defendant "Unknown Black Inmate" (DN 26). The Court also gave Plaintiff an opportunity, within 30 days, to file a second amended complaint naming as Defendants the individuals who he alleges denied him medication and placed him in general population during his incarceration in LMDC from July 11, 2022, to August 4, 2022. The Court stated, "Plaintiff may name unknown defendants, but he must make specific allegations against each individual and describe how he alleges each violated his rights."

Approximately two weeks after the 30-day deadline expired, finding that Plaintiff had not filed a second amended complaint, the Court entered a Service and Scheduling Order (DN 27). Because the Court had allowed claims to proceed against "Unknown Guard #2" in his official capacity, it directed the Clerk of Court to add Louisville Metro Government as a Defendant in the docket sheet. The Court also directed service on Louisville Metro Government and set pretrial

deadlines. Within a few days after the entry of the Service and Scheduling Order, Plaintiff filed a second amended complaint (DN 29) and a motion for relief (DN 30), which had apparently crossed in the mail with the Service and Scheduling Order.

After construing Plaintiff's motion for relief as a motion for clarification and extension of time and providing Plaintiff with guidance on the Court's prior Order, the Court ordered that the second amended complaint at DN 29 be stricken from the record and that Plaintiff file a new second amended complaint (DN 37). In doing so, the Court instructed Plaintiff that he must limit his second amended complaint to naming as Defendants the individuals who he alleges denied him medication and placed him in general population during his incarceration in LMDC from July 11, 2022, to August 4, 2022. The Court stated that it would review the second amended complaint under § 1915A and determine which, if any claims, may proceed

Plaintiff filed a second amended complaint (DN 40), which is now before the Court for § 1915A initial review. For the reasons set forth below, the Court will dismiss the claims stated in the second amended complaint and enter a separate Revised Scheduling Order governing the claims the Court has already allowed to proceed.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff was a pretrial detainee at the time pertinent to the events. As Defendants in the second amended complaint, he lists three individuals referring to each as "Unknown Nurse" and LMDC. He sues each of the nurses in their individual and official capacity and indicates that they are employed by LMDC.

Plaintiff states that when he was booked into LMDC on July 11, 2022, "I informed the nurse what had happened the last time I was at LMDC.[1] That I needed to be put in protective

---

[1] Plaintiff alleges in the first amended complaint that during a previous stint in LMDC in August 2021 he was assaulted by another inmate after the inmate became aware of Plaintiff's charges, which he does not specify.

custody." He states, "Nurse had me placed in a single cell" but that "on the following day July 12, 2022 I was moved to 3rd flore general population." He states that he was housed in that cell for four days until "an inmate looked up my charges and threatened me I pushed button received no answer kicked door for 10 min before some one responded." He states that he was then moved to a "max cell on Floor 5 for apox 5 days" and was then moved to "4d cell on same flore to another max cell." He states that this is a violation of the Eighth Amendment based on failure to protect.

Plaintiff further states that on July 11, 2022, he "was told they did not have my meds that they were ordered." He states that this did not make sense and that "nurse Karen sent me with proper meds . . . from Leslie County Jail." He further states as follows:

> On July 13 meds still not there they pass meds in morning and night on July 2022 unknown nurse gave me meds in powder form I asked why received no answer. I started having migrane, diarea and vomiting, on July 15 unknown nurse gave me some meds. I asked for migrane meds she said they don't do cronic meds which it was wrong since I take meds only because of something that LMDC falt. Each night at med pass same thing different unknown nurse until I left on August 4, 2022. Every night vomiting, diarea, migran. Nurse Karen at Lyslee County Jail say they gave me wrong meds that LMDC gave me nortiptyline at LMDC instead of what she sent which was amitriptyline which is what made me sick. My migraine med is sumatriptan which is a non narcotic.

Plaintiff alleges that this is a violation of the Eighth Amendment based on deliberate indifference to his serious medical needs.

As relief, Plaintiff seeks compensatory and punitive damages and a policy change.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997),

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Failure to protect

As stated above, in its prior Order (DN 37), the Court instructed Plaintiff that he could file a new second amended complaint naming as Defendants the individuals who he alleges placed him in general population during his incarceration in LMDC from July 11, 2022, to August 4, 2022. Plaintiff states in the second amended complaint that when he was booked into LMDC he informed "the nurse" that he needed to be put in protective custody and that she placed him in a single cell. He states that after that he was moved to general population, but he does not identify

4

who directed his move there. He was subsequently moved to several different cells, but again he does not identify the individuals responsible for those moves.

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Because the second amended complaint does not specify any individual who was responsible for housing Plaintiff in general population, his claims based on failure to protect will be dismissed for failure to state a claim upon which relief may be granted.

### *B. Deliberate indifference to serious medical needs*

The Court also allowed Plaintiff to file a second amended complaint naming as Defendants the individuals who he alleges denied him medication during his incarceration in LMDC from July 11, 2022, to August 4, 2022. The Court directed that Plaintiff was allowed to "name unknown defendants, but he must make specific allegations against each individual and describe how he alleges each violated his rights." In the second amended complaint, he names three nurses listing each as "Unknown Nurse," but he fails to specify the conduct taken by any particular nurse in order to "allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Id.* Plaintiff, therefore, fails to place any defendant on notice as to the claim(s) against him or her, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (internal quotation omitted), and the claims based on deliberate indifference to serious medical needs will be dismissed for failure to state a claim on this basis.

5

Even if Plaintiff had made specific allegations connected to each of the "Unknown Nurse[s]," his claims concerning denial of medication would fail. As a pretrial detainee at the time of the alleged events, Plaintiff's claim for deliberate indifference to his serious medical needs is brought under the Fourteenth Amendment, rather than the Eighth Amendment which applies to convicted inmates. *See Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022). The Sixth Circuit has articulated the standard for a Fourteenth Amendment claim of deliberate indifference as requiring that a plaintiff must show (1) the existence of a sufficiently serious medical need and (2) that the defendant "not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 822, 836 (1994)). To establish deliberate indifference under the Fourteenth Amendment, "[m]ere negligence is insufficient[.]" *Id.*

For the purposes of initial review, the Court presumes that Plaintiff has satisfied the objective requirement for stating a sufficiently serious medical need. However, Plaintiff cannot satisfy the second component. Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "As to the second prong, it is important to note that *Brawner* did not change the principle that mere medical negligence, nor a disagreement between treater and patient as to the better course of treatment, does not equate to a constitutional violation[] under . . . the Fourteenth Amendment." *Vontz v. Hotaling*, No. 2:19-cv-12735, 2023 U.S. Dist. LEXIS 62994, at *15 (E.D. Mich. Mar. 6, 2023) (citing *Brawner*, 14 F.4th at 596), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 62432 (E.D. Mich., Apr. 10, 2023); *see also*

*Darby v. Greenman*, 14 F.4th 124, 129 (2d Cir. 2021) (holding, after the modification of the second prong of the Fourteenth Amendment's deliberate indifference standard in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), that "a difference of opinion about the proper course of treatment" does not demonstrate deliberate indifference).

In the second amended complaint, Plaintiff does not allege that he was denied medication. He alleges that he was given a different medication than the one that had been prescribed to him at Leslie County Detention Center. Moreover, he does not allege that any "Unknown Nurse" was aware of the adverse effects of the medication on him or that any nurse deliberately administered the medication to him in reckless disregard of the adverse effects. Plaintiff's allegations amount to a difference of opinion with his medical treatment and may give rise to a medical malpractice claim but are not sufficient to establish a violation of the Fourteenth Amendment. Therefore, Plaintiff's claims based on deliberate indifference to serios medical needs will be dismissed for failure to state a claim upon which relief may be granted.

### C. LMDC

Plaintiff also lists LMDC as a Defendant in the second amended complaint, but he states no new allegations against it. As stated in the prior Memorandum Opinion and Order (DN 26), LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government[2] is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court has allowed a failure-to-protect

---

[2] This Defendant is listed in the docket sheet as "Louisville/Jefferson County Metro Government." They are the same entity, but for clarity the Court will direct the Clerk to change the listing of this Defendant to "Louisville Metro Government."

claim to proceed against "Unknown Guard #2" in his official capacity, which is construed as brought against Louisville Metro Government. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Because Plaintiff alleges no additional allegations against LMDC/Louisville Metro Government in the second amended complaint, the Court dismisses any claims against this Defendant in the second amended complaint for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims stated in the second amended complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is directed** to change the name of Defendant "Louisville/Jefferson County Metro Government" to "Louisville Metro Government" in the docket sheet.

The **Clerk of Court is directed** to terminate the three Defendants listed as "Unknown Nurse" as no claims remain against them and to terminate the duplicate listing of "Louisville Metro Government" in the docket sheet.

The Court will enter a separate Revised Scheduling Order to govern the claims the Court has already allowed to proceed.

Date: September 30, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Counsel of record
4414.010