UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ERIC DUNLAP                                                          PLAINTIFFS

v.                                                          NO. 3:22-cv-412-BJB

LOUISVILLE METRO GOVERNMENT,                                        DEFENDANTS
ET AL.

* * * * *

### MEMORANDUM OPINION & ORDER

Federal Rule of Civil Procedure 41(b) authorizes district courts to grant a motion to dismiss a lawsuit if a plaintiff violates a court order or fails to prosecute the case. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Although federal courts afford *pro se* litigants leniency on matters that require legal sophistication, such as formal pleading rules, the same approach does not necessarily apply to court deadlines and other procedures readily understood by laypersons. *Id.* at 110. "[T]he lenient treatment generally accorded to *pro se* litigants has limits," as the Court of Appeals has explained. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Id.* This is particularly true when a plaintiff simply fails to pursue the case at all. *Jourdan*, 951 F.2d at 110.

The remaining claims in this lawsuit fall into that category. Plaintiff Eric Dunlap sued the Louisville Metro Department of Corrections, the Louisville Metro Government, and several unknown inmates and prison guards in 2022. *See* Amended Complaint (DN 20) at 1. He alleged that prison guards failed to protect him from a fellow inmate's attack, which amounted to a violation of his civil rights under 42 U.S.C. § 1983. *Id.* at 5–13. After two years of motions practice, attorney Ashlea Hellmann entered an appearance on Dunlap's behalf. DN 71. The case proceeded through discovery, and a fourth amended complaint followed late in 2024. DN 80. In September 2025, the Court dismissed Dunlap's claims against Louisville Metro, the Department of Corrections, and the individually named defendants whom Dunlap had served. *See* Dismissal Order (DN 110) at 12.

That left only unserved defendants—Dwayne Clark, Eric Troutman, Timothy Elmore, and Daniel Spaulding—remaining in this case. *Id.* at 1 n.1. The Court ordered Dunlap to file a status report within 30 days of its dismissal order to address the remaining claims and defendants. *Id.* at 12. On Dunlap's behalf, Hellmann filed

1

a status report indicating that he intended to hire other counsel to appeal the Court's ruling and that she intended to withdraw from the case. Status Report (DN 114). The Court of Appeals dismissed Dunlap's appeal in November for lack of jurisdiction. DN 115. In December, the Court again ordered Dunlap to indicate within 30 days whether he intended to represent himself *pro se* or retain counsel to help him litigate his surviving claims. DN 117. That deadline came and went too. In January 2026, the Court ordered a similar status report, again within 30 days, and advised Dunlap that his failure to file would lead the Court to dismiss his case for failure to prosecute. DN 118. Dunlap has filed nothing in the nearly six months since.

Given this failure to comply with numerous court orders, deadlines, and warnings, dismissal for failure to prosecute is appropriate. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "inherent" authority of trial judges to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

"Although this court prefers that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan*, 951 F.2d at 110. "This measure is available to the district court to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted). Trial judges therefore receive "substantial discretion" in exercising this authority in service of these broader goals of case management and judicial stewardship. *Id.* To be sure, "dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* Yet sometimes that harsh sanction is the only option if a plaintiff simply won't litigate. *Id.* at 740, 742 (affirming dismissal of two plaintiffs' claims with prejudice).

To determine whether dismissal is appropriate, courts in this circuit consider (1) the plaintiff's "willfulness, bad faith, or fault" in causing the delay, (2) any prejudice the plaintiff has caused the defendants, (3) whether the court has warned the plaintiff "that failure to cooperate could lead to dismissal," and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* at 737 (citation omitted).

Dunlap's conduct in this case amply justifies dismissal. His persistent failure to comply with this Court's orders and deadlines show "willfulness and fault." *Id.* He has missed three separate deadlines to update the Court on his plans. The Court has given him every opportunity to assert his interests in this litigation, yet he has not responded. And he has long since blown past the 90-day deadline to serve the remaining defendants. *See* FED. R. CIV. P. 4(m).

Importantly, the consequences of that delay and uncertainty affect more than just the Court. The unnamed Defendants have had serious allegations of misconduct loom over them—without even the benefit of service so they can defend themselves. *See Schafer*, 529 F.3d at 737. Given the lack of any response to the Court's repeated warnings, few options remain beyond indefinite delay. *See id.* at 738 ("[N]o alternative sanction would protect the integrity of the pretrial process."). Because Dunlap has been on clear notice of the potential consequences of his persistent inaction, no reason is apparent why he should avoid that result.

### ORDER

The Court dismisses Dunlap's remaining claims without prejudice for failure to prosecute and orders the Clerk to strike this case from the active docket. This is a final order, and judgment will follow in a separate document. *See* FED. R. CIV. P. 58.